IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Jermaine Lee Leslie, Jr., )
    Plaintiff, )
  )
v. )     1:18cv1334 (TSE/IDD)
  )
Lieutenant B. Moore, et al., )
    Defendants. )

## MEMORANDUM OPINION & ORDER

Jermaine Leslie, a Virginia inmate proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by defendants B. Moore and M. Brooks at the Indian Creek Correctional Center ("ICCC"). See Dkt. No. 1. Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies and have provided plaintiff with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975). Dkt. Nos. 34, 40. Despite the fact that plaintiff has not opposed defendants' motion, review of the filing demonstrates that defendants have not satisfied their burden. Their motion therefore must be denied. Because it appears, however, that defendants may have omitted relevant documentation, they shall be afforded through this Order an opportunity to renew their motion for summary judgment.

### I. Background

The undisputed factual record establishes the following.[1] On March 30, 2018, plaintiff was transferred from ICCC to Nottoway Correctional Center. Riddick Aff. ¶ 11. On April 19,

---

[1] Because defendants' motion for summary judgment is unopposed, the facts set out in this section derive from the evidence attached to defendants' memorandum of law filed in support of their motion for summary judgment [Dkt. No. 35], including the sworn affidavit of S. Riddick, the Human Rights Advocate at Indian Creek Correctional Center [Dkt. No. 35-1 ("Riddick

2018, plaintiff submitted a Regular Grievance in which he alleged that, on March 22, 2018, before he was transferred, defendants Moore and Brooks assaulted him in his ICCC cell. Id. Plaintiff's grievance was received on May 17, 2018, and, on July 16 of the same year, the warden of ICCC responded, deeming plaintiff's grievance unsubstantiated based on a lack of evidence. Id. at ¶ 12. The warden's response, which was mailed to plaintiff on July 16 or 17, 2018, stated that plaintiff had a period of five days to appeal the decision to the Regional Administrator.[2] Id. at ¶¶ 14-15.

Plaintiff did appeal, and his appeal was received by Regional Ombudsman R. Woodson on August 9, 2018. Id. at ¶ 16. Noting that plaintiff's grievance denial was "mailed to [plaintiff] on July 16, 2018," Woodson rejected plaintiff's appeal, stating that the "appeal [which was] receipted ... on August 9, 2018 exceeded the five (5)-calendar day time limit." Id.

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." Variety Stores v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018). Once the moving party has met its burden to show that it is entitled to judgment as a matter of law, the nonmoving party "must show that there is a genuine dispute of material fact for trial...

---

Aff.")], and a copy of the memorandum through which plaintiff was informed that his grievance appeal had been denied [Dkt. No. 35-1, Enc. C].

[2] Although the memorandum through which plaintiff learned that his appeal was denied stated that the Level I response was mailed on July 16, 2018, Human Rights Advocate Riddick's affidavit states that, because the response was sent to the institutional mailroom after 4 p.m. on July 16, it was not truly mailed until July 17, 2018. Compare Riddick Aff. ¶ 15 with Dkt. No. 35-1, Enc. C.

2

by offering sufficient proof in the form of admissible evidence." Id. (quoting Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 216 (4th Cir. 2016)). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### III. Analysis

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory"). Moreover, the PLRA requires "proper" exhaustion, which demands "compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90-91, 93.

For offenders within the Virginia Department of Corrections ("VDOC"), a grievance is properly exhausted "only when a Regular Grievance has been carried though the highest eligible level of appeal without satisfactory resolution of the issue." VDOC Operating Procedure ("OP") § 866.1(IV)(O)(2). The Regular Grievance must be submitted within thirty calendar days of the date of the incident being grieved. Id. § 866.1(VI)(A)(1). If an offender wishes to appeal the denial of such a grievance, he must do so within five calendar days of his receipt of the response. Id. § 866.1(VI)(D)(6).

Defendants argue that summary judgment is warranted because plaintiff did not "properly exhaust his administrative remedies" in that he "failed to appeal his Regular Grievance to Level II within the timeframe required by VDOC OP 866.1...." Dkt. No. 35. In support of this

argument, defendants rely on Human Rights Advocate Riddick's affidavit and a copy of the document denying plaintiff's appeal. See Riddick Aff. ¶ 16; Dkt. No. 35-1, Enc. C. The denial memorandum states that "the Level I Responses were mailed to [plaintiff] on July 16, 2018" and that plaintiff's appeal, which was "receipted ... on August 9, 2018" was denied because it "exceeded the five (5)-calendar day time limit." Dkt. No. 35-1, Enc. C.

Although this evidence demonstrates that the Regional Administrator denied plaintiff's appeal as untimely, it does not demonstrate that the appeal itself actually *was* untimely. Indeed, the memorandum defendants submitted states only the date on which plaintiff's Level I response was mailed and the date on which his appeal was received. See id. The evidence submitted does not provide the date on which plaintiff received his Level I response or the date on which he submitted an appeal. These dates, not the dates of a Level I response's mailing and an institution's subsequent receipt of an appeal, are the operative dates for determining the timeliness of an appeal under the relevant operating procedure. See VDOC OP 866.1 § 866.1(VI)(D)(6) ("The offender should be allowed 5 calendar days *upon receipt of a response* to appeal to the next level, if such appeal is available.") (emphasis added).

Even if defendants seek to argue that, as a practical matter, plaintiff must have received the Level I response by a certain time based on its mailing date and that he therefore could not have responded within five days based on the date of the receipt of the appeal, such an argument is undercut by the fact that defendants provide two possible dates on which that response actually was mailed. Compare Riddick Aff. ¶¶ 15-16 with Dkt. No. 35-1, Enc. C (respectively stating that the Level I response was mailed to plaintiff on July 16, 2018 and July 17, 2018).

Additionally, defendants twice state that plaintiff "acknowledges his failure to properly exhaust his claims." See Dkt. No. 35. But this is not a fair characterization of the information

plaintiff submitted. Instead, in his complaint, when prompted to provide the outcome of his appeal, plaintiff merely quoted the denial memorandum which stated that the appeal was untimely. See Dkt. No. 1, p. 3. When prompted to answer, "Did you appeal?" plaintiff responded in the affirmative. Id.

Consequently, defendants have failed to demonstrate that plaintiff did not properly exhaust his claim as required by VDOC OP 866.1. At this juncture, then, they are not entitled to judgment as a matter of law. It is possible, however, that defendants have access to institutional records demonstrating the date on which plaintiff received the Level I response as well as the date on which plaintiff ultimately placed his appeal in the prison mail system. To the extent this is the case, defendants shall have the opportunity to renew their motion for summary judgment.

## IV. Conclusion and Order

For the reasons stated above, defendants' motion for summary judgment [Dkt. No. 34] is DENIED without prejudice to renewal. Accordingly, it is hereby

ORDERED that, within thirty (30) days of the entry of this Memorandum Opinion & Order, defendants either renew their motion for summary judgment or expressly decline to do so.

The Clerk is directed to send a copy of this Order to plaintiff and to counsel of record for defendants.

Entered this 22 day of April 2020.
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge