# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Jermaine Lee Leslie, Jr., <br>     Plaintiff, <br><br> v. <br><br> Lieutenant B. Moore, et al., <br>     Defendants. | ) <br> ) <br> ) <br> )   1:18cv1334 (TSE/IDD) <br> ) <br> ) <br> ) |

## MEMORANDUM OPNION AND ORDER

Proceeding pro se, Jermaine Lee Leslie, Jr. ("Plaintiff" or "Leslie"), a Virginia inmate, initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants B. Moore and M. Brooks assaulted him in violation of his Eight Amendment rights while Leslie was detained at the Indian Creek Correctional Center ("ICCC").[1] Plaintiff seeks to recover monetary damages in the amount of $100,000. [Dkt. No. 1]. On April 22, 2020, the Court denied, without prejudice, defendants' motion for summary judgment alleging Plaintiff had failed to exhaust his administrative remedies. [Dkt. No. 43]. Plaintiff filed a motion for summary judgment on December 29, 2020, with a memorandum and exhibits. [Dkt. Nos. 49-51]. The defendants have responded and filed affidavits disputing plaintiff's version of the incident. Accordingly, this matter is now ripe for disposition. For the reasons that follow, Plaintiff's motion for summary judgment must be denied.

On March 22, 2018, an altercation occurred between plaintiff and defendants Brooks and Moore. Plaintiff alleges he was assaulted and injured by the defendants without provocation and the defendants deny plaintiff's allegation that there was no provocation. In short, the defendants

---

[1] On May 24, 2019, the Court granted defendants motion to dismiss plaintiff's claims against the defendants to the extent he sought to recover against them in the claims against defendants in their official capacities with prejudice. [Dkt. No. 23].

dispute Plaintiff's version of the events.

## I. Facts

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, set forth a statement of material facts that defendants dispute, by affidavit.

Accordingly, the following statement of uncontested facts is derived from a review of plaintiff's statement of undisputed facts and the defendants' response.

1. At approximately 9:00 a.m., on March 22, 2018, Plaintiff was injured in his cell during an altercation between Plaintiff, and defendants Moore and Brooks.

2. Defendants Moore and Brooks are aware of the use of force policy.

3. Plaintiff was housed in segregation and not involved in any altercations with other inmates on March 22, 2018.

4. At approximately 11:00 a.m. on March 22, 2018, Plaintiff was treated by the medical unit at ICCC for the injuries he sustained during the altercation in his cell.

The defendants have each submitted an affidavit that contests plaintiff's allegations that the defendants assaulted him in his cell without provocation and deny his version of the events. [Dkt. Nos. 53-1 and 53-2].

## II. Standard of Review

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment has the initial burden to show the absence of a material fact. Celotex

Corp. v. Catrett, 477 U.S. 317, 325 (1986). The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. Parties asserting that a fact cannot be or is genuinely disputed must comply with the requirements of Fed. R. Civ. P. 56(c) and Local Civ. R. 56(B).

### IV. Analysis

Plaintiff alleges that he was in his cell when defendants Moore and Brooks entered his cell at approximately 9:00 a.m. on March 22, 2018. [Dkt. No. 1 at 4]. Plaintiff was handcuffed, then unhandcuffed, and defendant Moore grabbed Plaintiff's left arm and pinned Plaintiff to the wall by using his forearm and chest. Plaintiff alleges Moore told him that this was Plaintiff's "opportunity to do something," and Plaintiff responded that he was "not trying to do nothing." [Id.]. Plaintiff tried to walk to his bunk and Moore hit Plaintiff with his left elbow "to the right side of [Plaintiff's] eye," which cause Plaintiff's eye to swell and later turn black. [Id.]. Plaintiff dropped to the ground and Moore continued to punch Plaintiff with his elbows and fists at Plaintiff's "head and other body areas." [Id.]. Defendant Brooks then grabbed one of Plaintiff's arms and put Plaintiff in a "chokehold" while Moore continued to "throw blows at [Plaintiff's] face and other body areas." [Id.]. Brooks and Moore left Plaintiff's cell at approximately 9:08 a.m. and Plaintiff yelled at them as they walked away that he "was in pain and needed to see a nurse." [Id.].

Plaintiff alleges that Moore and Brooks returned to Plaintiff's cell at 9:15 a.m. and Plaintiff again stated he needed to see a nurse. Plaintiff alleges Moore tried to get Plaintiff to "forget about it," and Plaintiff spotted Nurse Hicks. [Id. 4-5]. Plaintiff called out to Nurse Hicks, and told her he had been assaulted by Moore and Brooks. [Id. at 5]. As noted, both defendants dispute Plaintiff's version of events. Defendant Moore avers that Plaintiff was sitting on his bunk

3

while defendant Brooks was conducting a cell search. Plaintiff "jumped up from his bed in an aggressive manner and came at [Moore] swing his arms." [Dkt. No. 53-1 at ¶ 6]. Moore pushed Plaintiff back and Plaintiff swung at Moore with a closed fist, which struck Moore on the right side of his face. [Id.]. Moore and Brooks tackled Plaintiff and attempted to place plaintiff face down on the bunk. In the course of subduing Plaintiff, Plaintiff's head contacted either the bunk or wall. Plaintiff was handcuffed, his cell was secured, and Brooks notified his shift supervisor of what had occurred. Moore then escorted Plaintiff to the medical unit. [Id. at ¶¶ 7-8]. Defendant Brooks' affidavit corroborates defendant Moore's. [Dkt. No. 53-2]. Consequently, plaintiff's motion for summary judgment will be denied.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. No. 49] is DENIED; and it is further

ORDERED that defendants either file a motion for summary judgment or other dispositive motion within thirty (30) days of the date of this Order or expressly decline to do so.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to plaintiff and counsel of record for defendants.

Entered this 21st day of May, 2021.
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

4